IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00451-GPG

KYLE LEE HOUSTON,

    Applicant,

v.

RAEMISCH, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant has filed *pro se* on April 18, 2016, a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) challenging the computation of his prison sentences. Although Applicant's claims properly are asserted pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, *see Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000), the court will not require Applicant to file another amended pleading on the proper form.

As part of the preliminary consideration of the second amended application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response.

Respondents may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information and argument that might be relevant to the one-year limitation period under § 2244(d) and/or the exhaustion of state court remedies.   Applicant should include any information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.   Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order.   It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Preliminary Response.

DATED April 26, 2016, at Denver, Colorado.

BY THE COURT:

  s/ Gordon P. Gallagher
United States Magistrate Judge